**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Respondent,  v.  **MICHAEL COSCIA,**  Petitioner. | **Case No. 19 CV 5003**  **Judge Harry D. Leinenweber** |

### MEMORANDUM OPINION AND ORDER

For the reasons stated herein, Petitioner Michael Coscia's Section 2255 Amended Motion (Dkt. No. 5) and Motion for Discovery (Dkt. No. 9) are denied.

### I. BACKGROUND

On October 26, 2015, Petitioner proceeded to a jury trial on twelve counts of commodities fraud and spoofing, in violation of Title 18, U.S.C. § 1348 and Title 7, U.S.C. §§ 6c(A)(5)(C) and 13(a)(2). The jury found Petitioner guilty on all counts, and the Court sentenced Petitioner to 36 months' imprisonment. After losing the direct appeal of his conviction, Petitioner has now filed an amended motion under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his conviction and sentence. His main contentions are that: (1) his trial counsel had an actual conflict of interest that adversely affected the attorney's performance;

and (2) his counsel's performance was objectively deficient in various ways that prejudiced him to the extent that there was a reasonable probability that the results of his trial would have been different. Petitioner also asks for leave to conduct discovery.

## II. DISCUSSION

### A. Conflict of Interest

Petitioner was represented at the trial by attorneys of the law firm of Sullivan and Cromwell ("SC"), a well-known New York firm. SC, a firm with hundreds of lawyers scattered around the country, has an extensive legal practice involving the commodities industry. It turns out that SC, at the time of the trial, had an ongoing professional relationship with the International Exchange ("ICE"), one of the commodity markets where Petitioner traded, and in the past had professional relationships with other entities, such as Citadel, D.E. Shaw, and GSA Capital, all of whom provided witnesses who gave testimony for the Government. Petitioner contends that SC, by representing him at trial where he confronted witnesses employed by entities that were simultaneously or were previously represented by SC lawyers, without disclosing such representation, created a conflict of interest for SC attorneys when they were called upon to cross examine these witnesses, and which conflict of interest adversely affected their performances.

Petitioner cites *Cuyler v. Sullivan*, 446 U.S. 335, 349 (1980), and *Rosenwald v. United States*, 898 F.2d 585, 587 (7th Cir. 1990), for the proposition that when a defendant establishes an actual conflict of interest, he need only show that the conflict of interest adversely affected his lawyer's performance.

The Government contends that this claim falls short because Petitioner has not shown that the SC attorneys were aware of the simultaneous representation, that the conflict had an adverse effect on the attorneys' performance, nor that there was a "reasonable likelihood that counsel's performance somehow would have been different" without the conflict. *Gonzales v. Mize*, 565 F.3d 373, 384 (7th Cir. 2009) (citation omitted). It is considerably easier to establish an adverse effect than it is to show prejudice. *Id.*

The Government's first argument is wrong factually. The Petitioner has in fact provided evidence that Kenneth Raisler, a SC partner that participated in the trial, was actively engaged in providing legal services to ICE at the time of the trial. (*See* Ex. A to Petitioner's Reply, Dkt. No. 8.) However, the evidence establishing the conflict of interest fails to demonstrate that

this joint representation "adversely affected" his lawyer's performance.

Petitioner argues strenuously that Raisler's simultaneous representation did affect SC's performance, and he cites what he considers SC's shortcomings: the failure properly to investigate or cross-examine the ICE witness concerning the analysis of Petitioner's trading activities and the data underlying the summary charts ICE prepared for the Government, all of which the Government relied on to show that Petitioner's trading activity made him an outlier among active traders on the ICE; the failure to insist on production of requested data from ICE and SC's agreement to settle for a fraction of the requested data; the failure to obtain algorithm program logics for some of the other entities who were called to testify and which Petitioner specifically asked SC to obtain; and the failure to obtain certain documents from Citadel relevant to the impact of spoofing on Citadel's trades.

The problem with these alleged shortcomings is similar to the problem with the alleged shortcomings presented by Petitioner in his unsuccessful motion for a new trial based on newly discovered evidence. (*See United States v. Coscia*, No. 14-CR-00551, Mot. For New Trial, Dkt. No. 219.) In that motion the alleged newly discovered evidence was essentially the same as what Petitioner

now contends his counsel failed to obtain due to the alleged conflict of interest. The fact of the matter is that the information newly discovered after trial and which was not discovered by his attorneys prior to the trial was immaterial to the defense that was presented at trial. *See United States v. Coscia*, No. 14 CR 551, 2019 WL 2121287 (N.D. Ill. May 15, 2019) (denying Petitioner's motion for new trial).

At trial, Petitioner's defense was to acknowledge his trading activity, which was testified to by employees of ICE and the other entities he claims created the conflict. *See United States v. Coscia*, 866 F.3d 782, 786-87 (7th Cir. 2017) (describing Petitioner's trading activity in detail and affirming his conviction), *reh'g and suggestion for reh'g en banc denied* (Sept. 5, 2017), *cert. denied*, 138 S. Ct. 1989 (2018). Petitioner attempted to justify his trading activities as being wholly legal and proper. He presented this defense through direct examination when he took the stand in his own defense and was subject to cross examination, and through the testimony of his expert witness who opined that Petitioner's trading activity was legal and wholly above board. His defense was that each and every order he placed, both large and small, was a legitimate order that was capable of being filled prior to cancelation. As explained by his counsel in her closing argument, Petitioner's defense was that he "placed

real orders that were exactly that, orders that were tradeable." (*United States v. Coscia*, No. 14-CR-00551, 11/3/15 Trial Tr. at 1472.) The problem was that the jury did not buy this defense. Therefore, Petitioner has failed to demonstrate that the alleged conflict adversely affected SC's representation of him.

### B. Ineffective Assistance

As an alternative argument Petitioner attempts to claim ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). Under this case Petitioner must show that his attorney's representation fell below an objective standard of reasonableness and that the deficient performance was prejudicial. *Id.* at 687-88. There is a strong presumption that counsel was effective. *United States v. Pergler*, 233 F.3d 1005, 1008-9 (7th Cir. 2000). In addition, Petitioner must demonstrate, but for the professional errors, "there is a reasonable probability" that the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. Petitioner cannot establish either of the *Strickland* prongs.

Here we have the common situation where an attorney, analyzing the factual situation faced by the client, concludes that the client stands a better chance of success by admitting the underlying actions alleged to have been taken by the client which appear to be easily provable, and instead argue to the jury that

the actions do not amount to a crime. Even assuming that the so-called ICE charts setting forth Petitioner's alleged trading activity were in some respects not totally accurate (they were reasonably so, *see Coscia*, 2019 WL 2121287, at *2), it was a proper strategic decision to admit to the substance and deny the illegality. Certainly, a counter strategy might have been to sit by quietly and force the Government to prove him guilty, without assisting the Government with his testimony. However, the Petitioner decided to testify in his own defense and acknowledge his trading activity. He does not contend that his lawyers did not adequately explain the risks of taking the stand in his own defense or that he did not in fact understand the risks in so doing. The Court concludes that the decision to contest the alleged illegality of Petitioner's trading activities rather than contest the activities themselves was an objectively reasonable decision to make and there is no reasonable probability that the outcome would have been different, if another strategy was adopted.

Petitioner raises several other alleged deficiencies in SC's representation, but none are either objectively unreasonable or prejudicial.

### III. CONCLUSION

For the reasons stated herein, Petitioner Michael Coscia's Section 2255 Amended Motion (Dkt. No. 5) is denied. Petitioner

also moved for leave to conduct additional discovery related to the claims alleged in his Section 2255 Motion; because the Court is denying the Petitioner's Section 2255 Motion, there is no need for discovery.  The Motion for Discovery (Dkt. No. 9) is denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　United States District Court

Dated: 12/12/2019